**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 14-4581**

───────────

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

SILVINO LARA-LARA, a/k/a Angel Lara, a/k/a Chapparro,

    Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:12-cr-00274-D-3)

───────────

Submitted: April 24, 2015      Decided: May 15, 2015

───────────

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Lynne L. Reid, L.L. REID LAW, Chapel Hill, North Carolina, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Silvino Lara-Lara pled guilty without a plea agreement to conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine, 21 U.S.C. § 846 (2012) (Count 1); aiding and abetting the distribution of cocaine, 18 U.S.C. § 2 (2012), 21 U.S.C. § 841(a)(1) (2012) (Counts 4 and 5); aiding and abetting possession with intent to distribute cocaine, 21 U.S.C. § 841(a) (Count 8); and eluding examination and inspection by immigration officers, 8 U.S.C. § 1325(a)(2) (2012) (Count 11). Lara-Lara was sentenced within the Guidelines range to 132 months in prison. In accordance with Anders v. California, 386 U.S. 738 (1967), Lara-Lara's attorney has filed a brief certifying that there are no meritorious issues for appeal but questioning whether Lara-Lara's plea was voluntary because Lara-Lara was induced to enter a plea based on a promise by counsel that he would receive an 87-month sentence. Lara-Lara has filed a pro se supplemental brief, arguing that trial counsel was ineffective in failing to challenge the court's subject matter jurisdiction. We affirm.

First, because Lara-Lara did not move to withdraw his plea, we review his Fed. R. Crim. P. 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "[T]o satisfy the plain error standard, [an appellant] must show: (1) an error was made; (2) the error is plain; and (3) the

2

error affects substantial rights." <u>United States v. Massenburg</u>, 564 F.3d 337, 342–43 (4th Cir. 2009). Even if Lara-Lara satisfies these requirements, correction of the error lies within our discretion, if we conclude that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." <u>Id.</u> at 343 (internal quotation marks omitted). We have reviewed the transcript of the Rule 11 hearing and have found no plain error.

Where, as here, the district court complies with Rule 11 when accepting a defendant's plea, we attach a strong presumption that the plea is knowing and voluntary, and, consequently, final and binding. <u>United States v. Lambey</u>, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). Furthermore, Lara-Lara's assertions of inducement and misrepresentation are directly contradicted by his sworn statements before the district court during his Rule 11 hearing. These averments carry a strong presumption of validity, and Lara-Lara has failed to offer a credible basis on which to doubt their veracity. <u>Blackledge v. Allison</u>, 431 U.S. 63, 74 (1977); <u>Fields v. Attorney Gen.</u>, 956 F.2d 1290, 1299 (4th Cir. 1992).

We decline to reach Lara-Lara's claim that his trial counsel rendered constitutionally ineffective assistance. Unless an attorney's ineffectiveness conclusively appears on the face of the record, ineffective assistance claims are not

3

generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir. 2008). Instead, such claims should be raised in a motion brought pursuant to 28 U.S.C. § 2255 (2012), in order to permit sufficient development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). Because there is no conclusive evidence of ineffective assistance of counsel on the face of the record, we conclude that these claims should be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the record and have found no meritorious issues for appeal. We therefore affirm Lara-Lara's convictions and sentence. This court requires that counsel inform Lara-Lara, in writing, of his right to petition the Supreme Court of the United States for further review. If Lara-Lara requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lara-Lara. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4